Sharon Ann JENNINGS, Individually as heir and personal representative of the Estate of Charles Paul Jennings, deceased, and as mother and guardian ad litem of Rachael Jennings, minor child.

v.

The BOEING COMPANY, a corporation.

Civ. A. No. 86–6639.

United States District Court, E.D. Pennsylvania.

June 23, 1987.

John J. Carlino, New York City, Nicholas Gilman, Smiley, Olson, Gilman & Pangia, Philadelphia, Pa., for plaintiff.

F. Hastings Griffin, J. Dechert, Price & Rhoads, E. David Chanin, Philadelphia, Pa., Keith Gerrard, Steven S. Bell, Perkins Coie, Seattle, Wash., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, Senior District Judge.

On May 18, 1987, defendant Boeing Company's (Boeing) motion for dismissal on the grounds of forum non conveniens was granted, provided that Boeing agree to five specific conditions within twenty days from the date of that order. On May 28, 1987, Boeing filed a motion to amend the order. The following day, the plaintiff also filed a motion to reconsider the order of dismissal.[1] These motions are now ripe and will be decided together.

In its original motion, Boeing moved for dismissal of this action, agreeing that in the event dismissal was granted, it would not contest liability for compensatory damages in English or Scottish courts should the action be refiled in those courts. In the opinion considering the motion, 660 F.Supp. 796, I consistently referred to Boeing's agreement as an agreement to not contest liability for compensatory damages. However, in the order accompanying the opinion, the relevant condition to dismissal stated that Boeing must "concede liability for

---

1. The plaintiff's motion also sought reargument of the forum non conveniens motion. Reargument is unnecessary given the extensive briefing and oral argument that has occurred in this case.

compensatory damages." Boeing now requests that the phrase "not contest" be substituted for the word "concede" in the order.

Boeing seeks this modification primarily because of the effect that a concession of liability in this case might have in potential third party actions against other parties who may bear some responsibility for the crash of the Boeing Chinook helicopter. Apparently Boeing fears that a concession on its part may have an adverse effect on any action for contribution or indemnity brought by Boeing against the owner of the helicopter and other parties. Although the plaintiff contends that allowing Boeing to "not contest" rather than "concede" liability for compensatory damages will somehow prejudice her appellate rights, amendment of the order would not cause prejudice to the plaintiff. Any claims of prejudice are purely speculative and fanciful.

The use of the word "concede" in the order was inadvertent. In light of the possible prejudice that it may cause Boeing in any third party action, and the lack of prejudice against the plaintiff, the motion will be granted.

The plaintiff has also filed a motion requesting reconsideration of the prior order of dismissal. The motion for dismissal was extensively briefed and argued by the parties. The legal and factual issues were ably explored by counsel, and were carefully considered by me. The motion for reconsideration does not raise any points of law or fact which in any way require alteration of my prior opinion and order; it will therefore be denied.

For the sake of clarification and for the benefit of counsel, who have expended much time and effort in this case, several points raised by the plaintiff's motion should be addressed. Much of the plaintiff's brief was devoted to a discussion of the issue of punitive damages. Specifically, the plaintiff contends that (1) she will lose her "right" to pursue punitive damages if this case is brought in England, and (2) even if punitive damages were available in England, much of the documentary evidence regarding Boeing's culpable conduct is in the United States. Neither of these arguments requires any change in my prior opinion.

■ The plaintiff has, at this late stage, finally produced evidence that English courts would apply their own substantive law to the plaintiff's cause of action. Under English law, punitive damages would not be recoverable. As my prior opinion stated, the fact that the potential damages award in the foreign forum may be less favorable than that available in the United States does not render the foreign court an inadequate forum. *Jennings v. The Boeing Company,* 660 F.Supp. 796, 800 *see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981) (fact that amount of damages available under Scottish law is less than that available under United States law is not a bar to forum non conveniens dismissal). I went on to note that even under Pennsylvania law, punitive damages might not be available in certain product liability actions. Finally, I observed that in any event, it was doubtful whether Pennsylvania law, as opposed to federal law or foreign law, would even apply to this case. For all these reasons, the possible loss of a potential punitive damages award was held insufficient in itself to prohibit a forum non conveniens dismissal.[2]

One factor favoring dismissal discussed in the prior opinion was Boeing's inability to implead potential third party defendants in an action in this country. This was consistent with the statement of the Supreme Court in *Reyno* that "the problems

**2.** In footnote 7 of the opinion, I observed that federal law did not preempt any survival action which might exist under state law, and acknowledged the possibility that an English court *might* apply this law to allow pursuit of punitive damages. In the event that this doubtful event might occur, Boeing was required as a condition of dismissal to provide access to evidence regarding punitive damages liability to the plaintiff if necessary. *Jennings,* slip op. at 12 n. 7, 17–18, 28–29. The plaintiff's current argument that much of the critical documentary evidence is in the United States under Boeing's control, or would be undiscoverable under British law, therefore, need not be addressed further.

posed by the inability to implead potential third-party defendants clearly supported" forum non conveniens dismissal. *Reyno,* 454 U.S. at 259, 102 S.Ct. at 267. The Court so held even though it assumed that the *Reyno* defendant could have initiated a separate action for indemnity or contribution against other parties in a foreign court. *Id.* In light of the Court's statement, the fact that Boeing might be able to obtain indemnity or contribution against other parties in a separate English action does not diminish the significance of the fact that such an indemnity or contribution action could not be maintained in this country.

Finally, the plaintiff contends I erred in not treating her as a resident of Pennsylvania due to her claim of diversity. This argument is, I believe, based on her incorrect reading of the prior opinion and on erroneous interpretation of Article IV(1) of the Treaty of Friendship, Commerce and Navigation between the United States and the Republic of Ireland, 1 U.S.T. 788, 790, T.I.A.S. No. 2155. Article IV(1) provides for "national treatment" of Irish citizens in the application of laws within the United States establishing a right of recovery for injury or death. National treatment means treatment no less favorable than that accorded to United States nationals in like situations. In applying the Treaty to the issue of the "right" to punitive damages (assuming that this is a "right of recovery" in the context of the Treaty, itself a doubtful proposition), one must first identify a situation involving a United States national which would be like the plaintiff's situation, and then determine what treatment would be accorded to that United States national.

■ In that regard, I first determined that the plaintiff's position was most like the position of a citizen of the United States, other than a Pennsylvania resident, who filed a diversity action in federal district court for the Eastern District of Pennsylvania. Therefore, the plaintiff was considered a nonresident not because of a misreading of the jurisdictional basis of her suit, but because of the clear provisions of the Irish–American treaty. This interpretation of the Treaty is consistent with the express reference to a "like situation." The plaintiff offers no support for her argument that the Treaty somehow requires that she be treated as a citizen of the particular state in which her suit was filed. Her interpretation of the Treaty is in direct conflict with the like situation requirement; plaintiff's position is clearly most similar to that of a United States citizen filing an action in a state other than his or her state of residence. The Treaty requires equal treatment, not special treatment, of Irish nationals. The distinction between a Pennsylvania and non-Pennsylvania United States citizen is of little importance in this context in any event. The context in which this question arose was the consideration of the issue whether a possible loss of a right to punitive damages in a subsequent suit in the transferee forum renders that forum inadequate. For the purpose of deciding that issue, one must initially assume that the plaintiff, whether deemed a California or Pennsylvania resident, would be entitled to seek punitive damages in this forum. Having made that assumption, it would be inconsistent to decide that while the loss of the right to seek punitive damages does not bar dismissal as to a California plaintiff (as *Reyno* suggests), it does bar dismissal as to a Pennsylvania resident. The plaintiff cites no authority for drawing this rather arbitrary distinction.

## ORDER

Upon consideration of the defendant's motion to amend the order of May 18, 1987, and the plaintiff's motion to reargue the motion for dismissal and reconsider the order of dismissal, and for the reasons stated in the accompanying memorandum,

It is Ordered that the defendant's motion to amend the order of May 18, 1987, is Granted; the third condition contained in the first operative paragraph of the order of May 18, 1987, is amended to read as follows: (3) not contest liability for compensatory damages.

It is further Ordered that the plaintiff's motion for reconsideration is Denied.

It is further Ordered that defendant shall have ten (10) days from the date of this order to file of record with this court its acceptance or rejection of the conditions contained in the order of May 18, 1987, as amended.